# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 9, 2012

No. 11-10810
Summary Calendar

Lyle W. Cayce
Clerk

A. CORNELL BLANKS,

Plaintiff-Appellant

v.

UNITED AERO SPACE WORKERS UNION, UNITED AUTO WORKERS
LOCAL 848, INCORPORATED; JAMES RUSSELL STROWD, also known as
Russell Strowd; WENDELL HELMS; ROMEO MUNOZ

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-297

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant, A. Cornell Blanks ("Blanks") proceeding pro se, challenges the summary judgment rendered against him by the district court dismissing his suit against appellee union for violating its duty of fair representation.

Blanks was terminated from his employment with Vought Aircraft Industries, Inc. ("Vought") in July 2008. Vought terminated Blanks on grounds

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10810

that he presented a false worker's compensation claim.  Blanks then asked his Union (Appellee - United Aerospace Workers Local 848)("Local 848") to grieve his termination as provided in the Collective Bargaining Agreement ("CBA") in effect between Vought, Local 848 and the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America("UAW").

The Union pursued Blanks' grievance through several steps as provided in the CBA.  At each and every step Vought refused to change its decision with respect to Blanks' firing.  After the third step of the process provided in the CBA, the grievance committee voted to appeal Blanks' grievance to the pre-arbitration review step.  At this step, the grievance is no longer handled at the Vought plant level rather a meeting is held between Vought's Director of Labor Relations or his designee, the Chairman of Local 848's grievance committee, Local 848's President and a representative of UAW.  Following this meeting Vought's Director of Labor Relations continued to refuse to alter Vought's termination decision.  Thereafter, the UAW representative decided that pursuing Blanks' grievance to arbitration would be fruitless.  The Local grievance committee representative and Local 848's President concurred.  Blanks was notified of this decision in October 2009.

On summary judgment the district court dismissed Vought's suit based upon violation of the duty of fair representation for two reasons.  First, the court noted that Blanks' action against Vought predicated on Vought's violation of the CBA in connection with his termination had been dismissed so that Blanks is collaterally estopped from re-litigating the breach of the CBA in this case which is an essential element of his case against the Union.  And two, plaintiff presented no evidence that the defendant violated its duty of fair representation to the plaintiff.

No. 11-10810

After a review of the record and consideration of the briefs and based on the thorough August 17, 2011 ruling of the district court we affirm the district court's judgment.

AFFIRMED.